UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA, ex rel.
BAYER CLOTHING GROUP, INC.,

        Plaintiff,

vs.                           Case No.  3:06-cv-42-J-33TEM

TROPICAL SHIPPING AND CONSTRUCTION
COMPANY, LTD., and CROWLEY LINER
SERVICES,

        Defendant.
_____/

**<u>ORDER</u>**

    This cause comes before the Court pursuant to Crowley Liner Services, Inc.'s Motion for Confirmation (Doc. # 36), filed on October 11, 2006.  Plaintiff United States of America filed its Response (Doc. # 40) on December 10, 2006.  With leave of Court, Crowley filed a Reply to Plaintiff's Response (Doc. # 43) on January 8, 2007.

    The purpose of Crowley's motion is two-fold.  First, the motion serves to notify the Court that all of the remaining bills of lading involving Crowley contain arbitration provisions. Second, because all of the remaining bills of lading involving Crowley contain arbitration provisions, Crowley seeks confirmation that no remaining claims against Crowley remain pending before this Court.

    In its Response, Plaintiff concedes that each of the relevant service contracts contain arbitration provisions.  Although

Plaintiff confirms the existence of the arbitration provision, it disagrees with Crowley's assertion that consequently there are "no claims pending against Crowley in this action." Specifically, Plaintiff believes that the claims remain before the Court but are stayed pending the outcome of arbitration and, "[u]pon completion of the arbitration, it would be for this Court to enforce the arbitration award." (Doc. # 40, p. 1.) As support for this contention, Plaintiff cites to 9 U.S.C. § 3, which states that:

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing that the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

In its reply, Crowley does not argue that Plaintiff is in default in proceeding with arbitration, nor does it make any argument that the aforementioned statute is inapplicable. Rather, it argues that dismissal is nonetheless the appropriate remedy, citing two cases in which federal district courts dismissed cases after finding that they should have been brought in a different court pursuant to a forum-selection clause. Of course, where the provision at issue in this case is one regarding arbitration and not forum-selection, and courts' treatment of those two types of

provisions vary significantly, such an argument is not persuasive. Indeed, Crowley has failed to convince the Court of any reason why 9 U.S.C. § 3 does not govern this issue and compel the stay of this action pending arbitration.

Having resolved that a stay is in Order, the Court rejects Crowley's argument that such a stay should be conditioned on Plaintiff's commencement of arbitration in New York within a specific time frame.  Aside from arguments that "it is not fair" and "it is inequitable," Crowley has not provided the Court with any authority for the proposition that the stay should only be in effect when the claim is actively being arbitrated.[1]

Plaintiff raises "[o]ne other minor matter" that remains before this Court.  (Doc. # 40, p. 2.)  This matter concerns $3,451.52 in copy costs for documents provided as part of the Rule 26 disclosures.  According to Plaintiff, "Crowley's counsel has indicated that his client will pay those charges but to date, the check has not been received." (Doc. # 40, p. 2.)  Consequently, Plaintiff seeks an Order from this Court requiring Defendant to pay the charge.

Crowley's Reply brief clarifies that the issue of the copy costs "is being taken care of by Crowley."  As Crowley has assured the Court that it will pay the costs, an Order requiring it to pay

---

[1] Because the Court denies its motion without prejudice, Crowley is free to raise this argument anew at such time that legal authority for this proposition can be produced.

them is not necessary at this time and Plaintiff's request is due to be denied as moot.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1. Crowley Liner Services, Inc.'s Motion for Confirmation (Doc. # 36) is **DENIED** without prejudice.

2. Pursuant to 9 U.S.C. § 3, Plaintiff's claims against Crowley are **STAYED** pending arbitration.

3. Plaintiff is directed to provide, without further Order of this Court, a written status of the pendency of arbitration of its claims against Crowley every **NINETY DAYS**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 14th day of March, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record