UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA, ex rel. BAYER
CLOTHING GROUP, INC.,

               Plaintiff,

vs.                                         Case No.  3:06-cv-42-J-33TEM

TROPICAL SHIPPING AND CONSTRUCTION
COMPANY, LTD., and CROWLEY LINER
SERVICES,

               Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to the United States of America, appearing independently, Motion to Dismiss (Doc. #53.), filed on July 16, 2007.  Bayer Clothing Group filed a Response (Doc. #56) on July 27, 2007.  The United States, with leave of the Court, filed a Reply (Doc. #66) on August 13, 2007.  The Court held a hearing on the motion on September 27, 2007.  Bayer Clothing filed a Motion for Leave to File Amended Complaint (Doc. #78) on September 27, 2007.  After consideration of the arguments, and for the reasons below, both motions are granted.

## I.    Procedural History

Bayer Clothing brought this claim as a *qui tam* action.  Bayer Clothing alleges violations of the Harter Act,  46 U.S.C. § 193 Appendix, now codified as 46 U.S.C. § 30703, by Tropical Shipping.  46 U.S.C. § 30703 requires that carriers shall issue a bill of lading or shipping document on the demand of a shipper.  46 U.S.C. § 30703(a).  The bill of lading must include a statement of the marks necessary to identify the goods, the number of packages, and the apparent condition of the goods.  46 U.S.C. § 30703(b).  If a carrier violates any provision of the Harter Act, the carrier

is fined under Title 18. 46 U.S.C. § 30707(a).  Half of the fine goes to the party injured by the violation, and the other half goes to the United States.  46 U.S.C. § 30707(c).

The United States, appearing independently of Bayer Clothing, filed this Motion to Dismiss pursuant to Rule 12(b)(5), Federal Rules of Civil Procedure, and, by analogy to 31 U.S.C. § 3130(c)(2)(A), for failure to state a claim.  The United States seeks to intervene and dismiss the suit because it believes that the Defendants did not violate the Harter Act.  In support of its motion, the United States raises two main issues.  First, it argues that the procedural rules of the False Claims Act, 31 U.S.C. § 3730(b)(2), should apply by analogy, since neither the Harter Act, nor the limited case law, provide the procedures for the filing or conduct of a *qui tam* action.  The FCA requires service of process upon the United States, after which the United States could determine whether to intervene. 31 U.S.C. § 3730(b)(2).  The United States asserts that Bayer Clothing never attempted to serve process on the United States, but acknowledges that failure to serve should only result in a dismissal where it prejudices the government's interests, and the United States can not identify any incurable prejudice.

Instead, the United States argues that the suit should be dismissed because Tropical Shipping did not violate the Harter Act.  It states that 46 U.S.C. § 30701 only requires that a bill of lading be issued on demand.  Tropical Shipping never refused to issue a bill of lading; to the contrary, Tropical Shipping did issue a bill of lading.  (Doc. #53, Ex. B.)  The United States contends that Bayer Clothing's allegations are an attempt to dictate the language or format of the Defendants' bill of lading in order to avoid the applicability of the package limitation under the Carriage of Goods by Sea Act, which limits a carrier's liability to $500 per package.  (Doc. #53-2 at 4.)  The United States argues that the format for a bill of lading is a matter of business negotiation for the parties.  (Id. at

7.) Bayer Clothing could have avoided any question regarding package status or numbers by simply declaring the value of the goods being shipped.  (Id. at 8.)

II.    **United States' Motion to Dismiss**

A.    **A *Qui Tam* Action is not Authorized by the Harter Act**

Bayer Clothing filed this *qui tam* action, alleging that it had "standing to maintain an action for enforcement of 46 U.S.C. Section 194, Appendix (2005) in the name of the United States." (Doc. #1 ¶ 2.)  Bayer Clothing cited to United States v. Cobb, 163 F. 791 (D. Md. 1906), specifically quoting from the case, "it is quite clear, I think, that the intention of Congress [in enacting 46 U.S.C. Section 194] was to come to the relief of the shipper by affording him an effective remedy."  The United States, in its Motion to Dismiss, states that Bayer Clothing "correctly recites that 46 U.S.C. § 194 authorizes *qui tam* action for its violation, though the last reported case of such an action was in 1918," citing United States *ex rel.* Pressprich & Son Co. v. James W. Elwell & Co., 250 F. 939 (2d Cir. 1918).  (Doc. # 53-2 at 5.)  However, despite Bayer Clothing's claims that this is a proper *qui tam* action, and the United States conceding the same, the Court does not believe that the Harter Act authorizes a *qui tam* action.

United States v. Cobb, the case cited by Bayer Clothing, was a criminal indictment brought by the United States under the Harter Act.  United States v. Cobb, 163 F. 791, 791 (D. Md. 1906). The United States alleged that a carrier inserted clauses into a bill of lading to absolve itself from liability for loss or damage due to any negligence by the carrier.  Id.  Cobb objected that the statute did not create "an offense to be punished by criminal indictment; that the language indicates that the penalty is to be recovered in a civil suit by a qui tam action; [and] that the Harter act is not a criminal statute, but deals only with civil rights and duties."  Id. at 793.  The court rejected this argument,

stating that it was the apparent intention of Congress to make the refusal to issue a bill of lading an act punishable by a fine, and that "the approved proceeding for enforcing the liability of a fine imposed upon any one who has been guilty of a violation of law is by indictment, conviction, and sentence in a criminal court." Id.  The court thus found that the Harter Act was in fact a criminal penalty to be enforced by indictment by the United States, and not a civil statute to be enforced by a *qui tam* action.

United States *ex rel.* Pressprich & Son Co. v. James W. Elwell & Co., 250 F. 939 (2d Cir. 1918), is cited for the proposition that the Harter Act authorizes a *qui tam* action.  Pressprich challenged the imposition of a fine in an admiralty action.  Judge Learned Hand, in writing for the Second Circuit, found that there was no admiralty jurisdiction for the collection of a fine in a proceeding in personam. Id. at 941.  Judge Hand observed that "the fine might be collected by a *qui tam* action in the District Court" or "an indictment [would] also lie under the Harter Act." Id.  Judge Hand declined to make a distinction between an indictment under the Harter Act and a *qui tam* action. Id.  But, Judge Hand also noted that the permitted *qui tam* action in Pressprich was "a complaint *qui tam at common law*." Id. (emphasis added).  A select few authorities do consider this language as authorizing *qui tam* actions under the Harter Act.[1]  See Conn. Action Now, Inc. v. Roberts Plating Co., 330 F. Supp. 695, 697 (D. Conn. 1971) ("Judge Learned Hand noted that *qui tam* action could be brought under [the Harter Act] which provided for fines upon a shipper's refusal to issue a clear bill of lading."); 2 Benedict on Admiralty § 140 (7th ed. 2007) ("In some instances

---

[1]  The Court's exhaustive search of case law reveals not a single *qui tam* action under the Harter Act.  In fact, a search for cases citing 46 U.S.C. § 194 resulted in a mere seven cases, none of which was a *qui tam* action, aside from the present action.  A search for cases citing 46 U.S.C § 193, the statute requiring the bill of lading be issued on demand, resulted in only thirty-one cases, once again, none of which is a *qui tam* action.

the statute provides that the penalty shall be divided between the United States and the person who gives the information to the Government officials concerning the offense.  In such a case, the suit may be brought either in the name of the United States or, if the United States Attorney does not act, as a *qui tam* action in the name of any other party in whose favor the penalty or forfeiture in imposed." (citing Pressprich, 250 F. 939 (2d Cir. 1918)).

However, Judge Hand's decision clearly states that any purported *qui tam* action under the Harter Act would be at common law.  Today, there is no common law *qui tam* action under federal law.  Recently, the First Circuit held that "[t]here presently is no common-law right to bring a *qui tam* action, which is strictly a creature of statute."  United Seniors Ass'n v. Philip Morris USA, No. 06-2447, 2007 U.S. App. LEXIS 19748, at *11 (1st Cir. Aug. 20, 2007).  United Seniors addressed a taxpayer advocacy group's claims, pursuant to the Medicare Secondary Payer statute, to compel several tobacco companies to reimburse the federal government for Medicare payments it had made in connection with smoking-related illnesses.  Id. at *2.  On consideration of whether the group had the requisite Article III standing, the advocacy group argued that Congress intended to create a *qui tam* action in the MSP, but the court disagreed.  Id. at *10-11.  The court, in comparing the MSP to the False Claims Act, an explicit *qui tam* statute, stated that "if [Congress] had meant unambiguously to create a *qui tam* action in [the MSP], it readily could have used - but did not - the same explicit language it employed in [the FCA]."  Id. at *13.  Since the statute made no mention of any jointly held action, it did not give a private citizen the right to sue on behalf of the government.[2]  Id. at *13.

---

[2] The court also noted that the MSP did not contain the same procedural mechanism typical of *qui tam* statutes.  United Seniors Ass'n , 2007 U.S. App. LEXIS 19748, at *15.

The First Circuit also noted that the Supreme Court, in its decision of <u>Vermont Agency of Natural Resources v. United States ex rel. Stevens</u>, 529 U.S. 765 (2000), did not list the MSP as a *qui tam* statute.  <u>Id.</u> at *14 n.7.  In <u>Vermont Agency</u>, the Supreme Court considered the question of whether state governments could be sued under the FCA by private individuals.  <u>Vermont Agency of Natural Resources v. United States ex rel. Stevens</u>, 529 U.S. 765, 768 (2000).  In its decision, the Court recounted the history of the *qui tam* action.  At the start of the 14th century, the English Parliament began creating explicit *qui tam* statutes, which fell into two categories; (1) those that allowed private parties to sue for their own interests, and (2) those that allowed informers to receive a portion of the penalty as reward for their information.  <u>Id.</u> at 775.  *Qui tam* actions also appeared in the American colonies, with their governments passing several informer statutes, and the First Congress enacted a large number of informer statutes which resembled their English counterparts.  <u>Id.</u> at 776-77.  However, the Court stated that of the many *qui tam* statutes enacted over a 100 years ago, only four remain on the books: 25 U.S.C. § 81, 25 U.S.C. § 201, 35 U.S.C. § 292(b), and 31 U.S.C § 3730.  <u>Id.</u> at 768 n.1.  The Court even distinguished these explicit *qui tam* statutes from ones which merely provided an informer a share of the forfeited property, including 46 U.S.C. § 723,[3] a shipping statute that gave an informer a portion of the forfeited property, but did not expressly authorize a suit by the informer.  <u>Id.</u>  46 U.S.C. § 30703 is a similar informer statute, diving the penalty between the injured party and the government.

The First Circuit's holding, and the Supreme Court's language, is convincing that there is no common-law *qui tam* action, and that the only permissible *qui tam* actions are expressly and explicitly authorized by federal statute.  The Harter Act clearly does not expressly authorize a *qui*

---

[3] Now codified as 46 U.S.C. § 80103.

*tam* by its very language, and this Court will not interpret the statute otherwise.  Bayer Clothing has

no authority to bring this action in the name of the United States, and a *qui tam* action under the

Harter Act is not authorized or proper.  On this basis, this case is dismissed.

      **B.**      **Tropical Shipping did not violate the Harter Act**

      Even if this cause was a proper *qui tam* action, the Court would dismiss this case on the

merits for the reasons advanced by the United States.  46 U.S.C. § 30703 only requires that a carrier

issue a bill of lading or shipping document on the demand of the shipper.  46 U.S.C. § 30703(a).

The bill of lading is only required to include a statement of "the marks necessary to identify the

goods," "the number of packages, or the quantity or weight," and "the apparent condition of the

goods."  46 U.S.C. § 30703(b).  The statute plainly gives three options for listing goods on the bill

of lading, and the bill of lading submitted to the Court shows that the number of packages was the

selected mode in this instance, listing the package as the container.  The Eleventh Circuit has

previously held that a single container is the applicable package for purposes of liability recovery

under the Carriage of Goods by Sea Act.  <u>Fishman & Tobin, Inc v. Tropical Shipping & Construc.

Co.</u>, 240 F.3d 956, 963-65 (11th Cir. 2001).  Bayer Clothing attempts to ignore this precedent and

argues that the applicable packages are the individual items of clothing, and Tropical Shipping

violated the Harter Act by listing the container as the package instead of each unit of clothing.  The

Court is unconvinced.  The Court agrees with the United States that 46 U.S.C. § 30703 only requires

that a bill of lading be issued, and Tropical Shipping did issue a bill of lading.  Thus the statute was

not violated, and this case could, alternatively, be dismissed on the merits.

### III.    Bayer Clothing's Motion for Leave to Amend

Bayer Clothing requests that the Court allow it to amend the Complaint under Rule 15, Federal Rules of Civil Procedure.  Bayer Clothing asserts that it has a private right of action under the Harter Act, and thus would request to amend the complaint to reflect this claim.  The language of the Harter Act and case law demonstrates that private parties may bring claims against carriers for violations of the Harter Act.  See e.g., 46 U.S.C. §30707 ("A civil action in rem to enforce the [fine] may be brought in the district court of the United States.");  United States v. Lines, 90 CIV. 6850, 1995 U.S. Dist. LEXIS 4894 (S.D.N.Y. Apr. 14, 1995) (finding that private relief agencies had properly assigned their rights to bring a claim under the Harter Act to the United States).  The Court will allow Bayer Clothing to file an amended complaint to plead a private right of action under the Harter Act, but in doing so, does not comment on the merits of any possible claim, nor whether Bayer Clothing in fact does posses a proper private action under the Harter Act.  Thus, this case will be dismissed without prejudice as to Bayer Clothing, with leave to file an amended complaint to plead a private cause of action.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1.      The United State's Motion to Dismiss (Doc. #53) is **GRANTED** as to the relator action, and the *qui tam* claim is dismissed **with prejudice.**  The clerk is directed to terminate any previously scheduled deadlines and pending motions.

2.      Bayer Clothing's Motion for Leave to File Amended Complaint (Doc. #78) is **GRANTED**, with Bayer Clothing having leave to file an amended complaint to plead a private cause of action.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>28th</u> day of September,

2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:
All Counsel of Record